IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CENTER CAPITAL CORPORATION,**  )   )   **Plaintiff,**  )   ) **v.**                                                                     ) ) **Q.E.S.T., INC.,** *et al.*,                                     )   ) **Defendants.**                                             ) | **CIVIL ACTION NO. 09-157-KD-M** |

**ORDER**

This matter is before the Court on Plaintiff's "Motion for Default Judgment." (Doc. 17). Plaintiff seeks entry of a default judgment against Defendant Q.E.S.T., Inc., on the grounds that said defendant has failed to answer, respond or otherwise plead. For the reasons set forth herein, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

**I.     Background**

On March 23, 2009, Plaintiff filed the instant "Complaint for Money Damages" against Defendants Q.E.S.T., Inc., Chris Collum and Tim Phillips. (Doc. 1). Plaintiff alleges federal diversity jurisdiction and asserts breach of contract claims against these Defendants with regard to a Master Loan and Security Agreement executed between Plaintiff and Defendant Q.E.S.T. (and a subsequently executed Amendment and Restatement of Loan/Lease Agreement) and two Continuing Guaranty contracts executed between Plaintiff and Defendants Collum and Phillips. (Doc. 1). On this date, Plaintiff filed a Notice of Summons to Defendant Q.E.S.T. c/o its Registered Agent Defendant Chris Collum. (Doc. 2). On March 24, 2009, a Summons to Defendant Q.E.S.T. (as well as the other defendants) was issued. (Doc. 5). On April 1, 2009, the Summons to Defendant Q.E.S.T., via its Registered Agent Chris Collum, was returned executed, showing a signature by a

"Lori Collum" on March 31, 2009. (Doc. 6). According to this date of service, Defendant Q.E.S.T.'s Answer was due on April 20, 2009. (Id.) A return of service as "unexecuted" was filed for individual Defendant Chris Collum – it was returned as "unclaimed." (Doc. 8). On April 21, 2009, an Alias Summons was issued to Defendant Collum. (Doc. 10). On April 21, 2009, the Summons to Defendant Collum was returned executed, showing that he was served on April 21, 2009. (Doc. 11). According to this date of service, Defendant Collum's Answer was due on May 11, 2009. (Id.)

On May 8, 2009, Plaintiff filed an application for entry of default against Defendant Q.E.S.T., asserting that the Complaint had been served on Q.E.S.T.'s Registered Agent Chris Collum on March 31, 2009, but that no Answer had been filed within the time frame required.[1] (Doc. 12). On that basis, the Clerk entered a default on May 11, 2009 for Defendant Q.E.S.T.'s failure to appear or otherwise defend. (Doc. 13).

On May 28, 2009, Plaintiff filed the instant motion seeking entry of a default judgment in its favor and against Defendant Q.E.S.T. in the amount of $385,476.75 (comprised of a principal amount of $354,155.91, prejudgment interest from January 15, 2009 at the *per diem* rate of $174.65 ($23,228.45), accrued late fees totaling $2,409.64, repossession charges of $2,950.00, and Plaintiff's attorneys' fees and court costs totaling $2,732.75). (Doc. 17). In so doing, Plaintiff asserts that the

---

[1] Pursuant to Rules 4(h) and 4(e)(1)-(2) of the Federal Rules of Civil Procedure, a corporation can be served by: delivering a copy of the summons and of the complaint to the individual personally; by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Service can also be accomplished by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. FED.R.CIV.P 4(h)(1)(B). While the relationship between Chris Collum and Lori Collum – as well as Lori Collum's status with Defendant Q.E.S.T. (if any) – is unclear, the fact remains that Chris Collum has been served with the Complaint.

Complaint was served on Defendant Q.E.S.T's Registered Agent Chris Collum on March 31, 2009 but more than 20 days have passed without any responsive pleading and a default has been entered, such that entry of a default judgment is now appropriate. (Id.) In support of the motion, Plaintiff submitted the affidavit of its counsel, Holly L. Sawyer. (Doc. 17 at Ex. 1).

**II.    Discussion**

>Rule 55 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:
>
>(b) Judgment. Judgment by default may be entered as follows:
>
>(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
>(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

FED.R.CIV.P. 55.

A review of the record reveals that there was no evidence that notice of the entry of default was given to Defendant Q.E.S.T. because Plaintiff's Application for Default was unaccompanied by a Certificate of Service or other indicia that Plaintiff had placed Defendant Q.E.S.T. on notice of same. (Doc. 12). As such, on June 11, 2009, this Court ordered Defendant Q.E.S.T. to show

cause on or before July 1, 2009 as to why a default judgment in the amount of $385,476.75 (comprised of a principal amount of $354,155.91, prejudgment interest from January 15, 2009 at the *per diem* rate of $174.65 ($23,228.45), accrued late fees totaling $2,409.64, repossession charges of $2,950.00, and Plaintiff's attorneys' fees and court costs totaling $2,732.75) should not be entered against it and in favor of Plaintiff for its failure to appear or otherwise defend.  (Doc. 18).  The Court also directed the Clerk to provide a copy of this Order to Defendant Q.E.S.T, Inc., via certified mail, return receipt requested, at the following service address: Q.E.S.T., Inc., 7139 Jimmy Sellers Road, Brewton, Alabama, 36426.  (Id.)  The Court further cautioned Defendant Q.E.S.T., Inc. that given its default status, absent an appearance in this case, it will not be entitled to receive, and will not be afforded, any further notice concerning Plaintiff's effort to secure a default judgment.  (Id.)

On June 17, 2009, service of the Court's show cause order (Doc. 18) was executed upon Defendant Q.E.S.T., Inc., c/o Lori Collum, who signed for same on June 15, 2009.  (Doc. 22).

As of the date of this Order, Defendant Q.E.S.T., Inc., has wholly failed to appear or otherwise defend this action.  Accordingly, based on the Court's review of the record, it is hereby **ORDERED** that a default judgment is entered against Defendant Q.E.S.T., and in favor of Plaintiff, in the amount of **$379,974.00 (**consisting of the principal amount of $354,155.91, pre-judgment interest from January 15, 2009 at the *per diem* rate of $174.65 ($23,228.45), and accrued late fees totaling $2,409.64) for Defendant Q.E.S.T., Inc.'s failure to plead or otherwise defend this action. The entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise.  FED.R.CIV.P. 55(a).

Plaintiff also seeks repossession charges totaling $2,950.00 and attorneys' fees and court costs totaling $2,732.75. Concerning the repossession charges, Plaintiff has not provided any documentation relating to such repossession charges or indicating precisely where in the relevant contracts, such charges are, in fact, recoverable. Regarding Plaintiff's request for attorneys' fees and court costs, Plaintiff has not submitted any affidavit or evidence in support thereof (*e.g.*, there is no affidavit by the attorney(s) asserting such fees, there is no itemization of such fees or costs indicating their reasonableness, etc.).[2] As such, Plaintiff's motion with regard to the requests for repossession charges and attorneys' fees and court costs is **DENIED.**

**DONE** and **ORDERED** this the **10th** day of **August 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Notably, Paragraph 8 of the Master Loan and Security Agreement and pages 2-3 of the Loan Schedule No. 2 attached to Plaintiff's Complaint both specify that the law of the State of Connecticut governs. As such, Plaintiff's ability to recover repossession charges and attorneys' fees and court costs would need to be asserted under Connecticut law. No such assertion has been made here.