## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CENTER CAPITAL CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 09-157-KD-M** |
| ) | |
| **Q.E.S.T., INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the Court on Plaintiff's "Motion to Alter or Amend Judgment." (Doc. 29). Plaintiff moves for this Court to alter or amend the August 10, 2009 Order entering a Default Judgment in its favor and against Defendant Q.E.S.T., Inc. in the amount of $379,974.00 (Doc. 28), to allow for the recovery of attorneys' fees and costs and repossession charges, which were denied. Specifically, this Court concluded that:

> Plaintiff also seeks repossession charges totaling $2,950.00 and attorneys' fees and court costs totaling $2,732.75. Concerning the repossession charges, Plaintiff has not provided any documentation relating to such repossession charges or indicating precisely where in the relevant contracts, such charges are, in fact, recoverable. Regarding Plaintiff's request for attorneys' fees and court costs, Plaintiff has not submitted any affidavit or evidence in support thereof (*e.g.*, there is no affidavit by the attorney(s) asserting such fees, there is no itemization of such fees or costs indicating their reasonableness, etc.).[1] As such, Plaintiff's motion with regard to the requests for repossession charges and attorneys' fees and court costs is **DENIED.**
>
> ---
>
> 1  Notably, Paragraph 8 of the Master Loan and Security Agreement and pages 2-3 of the Loan Schedule No. 2 attached to Plaintiff's Complaint both specify that the law of the State of Connecticut governs.  As such, Plaintiff's ability to recover repossession charges and attorneys' fees and court costs would need to be asserted under Connecticut law.  No such assertion has been made here.

(Doc. 28 at 5).

As enunciated in Fetterhoff v. Liberty Life Assur. Co., 2007 WL 1713349, *1 (S.D. Ala. Jun. 11, 2007) (internal citations omitted):

> The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." . . . . The standard of review under Rule 59(e) was summarized by this court in another case as follows:
>
>> A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." . . . . Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. . . . . Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources . . . . .

See also e.g., Sonnier v. Computer Programs & Systems, Inc., 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001). Plaintiff has not set forth any ground(s) which ostensibly provide the basis for Rule 59(e) relief. Moreover, no separate judgment was issued in conjunction with this Court's August 10, 2009 Order granting the default judgment against Defendant Q.E.S.T., Inc. As such, rather than a Rule 59(e) motion to amend or alter a judgment, this Court construes Plaintiff's motion as a motion to reconsider the Court's prior Order pursuant to Rule 60(b)(6)'s "any other reason that justifies relief."[1] Plaintiff's motion to reconsider is accordingly **GRANTED**. In reconsidering the August

---

[1] Rule 60(b) provides as follows:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

10th Order, the Court finds as follows.

First, Plaintiff seeks recovery of repossession charges totaling **$2,590.00** that were previously denied by the Court in the August 10, 2009 Order because Plaintiff had not provided any documentation relating to such charges or indicated precisely where in the relevant contracts such charges were recoverable. Plaintiff's current motion does not cure this deficiency. Plaintiff has submitted the Affidavit of James Napierkowski which it asserts "discusses the necessity and amount of the repossession charges, and specifically describes wherein the contract . . . repossession expenses appears[]" and that "page two (2) of Schedule 2 state[s] that [Plaintiff] . . . is entitled to recover . . . repossession expenses from Defendant, Q.E.S.T.[]" (Doc. 29 (citing ¶¶ 19, 21)). However, this is not entirely accurate. While these paragraphs do state that "[m]iscellaneous repossession charges of $2950 are also due and owing[]" (¶19), they do not state where in Schedule 2 such charges are recoverable. Moreover, a review of Schedule 2 reveals no specific mention of repossession charges. Further, no supporting documentation of these charges (receipts, invoices, etc.) has been submitted. Thus, the record before the Court is insufficient to award such charges. Accordingly, Plaintiff's request for an award for the repossession charges is **DENIED.**

Second, Plaintiff seeks recovery of "attorneys' fees and costs" totaling **$2,732.75** that were previously denied by the Court in the August 10, 2009 Order because Plaintiff did not submit any affidavit(s) or evidence in support thereof (*e.g.*, there was no affidavit by the attorney(s) asserting such fees, there was no itemization of such fees or costs indicating their reasonableness, etc.) or case law in support of same. Plaintiff has now submitted the Affidavit of associate attorney James Joyce, one of Plaintiff's attorneys, in support of its request. However, Plaintiff's current motion does not fully cure the deficiencies previously noted by the Court.

At the outset, Plaintiff seeks the recovery of attorneys' fees pursuant to Connecticut law which permits such recovery if contractual or statutory authority specifically provides for same. See, e.g., Premier Capital, Inc. v. Grossman, 887 A.2d 887, 891 (Conn. App. Ct. 2005). Paragraph 7(v) of the Master Loan Agreement – one of the contracts at issue – provides that Connecticut law applies and that Plaintiff is entitled to recover its attorneys' fees from Defendant Q.E.S.T., Inc. The Court is accordingly satisfied that Plaintiff is entitled to recover attorneys' fees pursuant to the contract that it executed with said defendant; however, the Court does not find that the amount of attorneys' fees requested by Plaintiff is supported by the evidence. In so finding, the Court notes that "[t]he decision whether to award such fees rests in the exercise of discretion by the trial court[]" and "[t]hat standard applies both to the amount of fees awarded and to the determination of the factual predicate justifying the award[]" – moreover, "a trial court may 'assess the reasonableness of the fees requested using any number of factors, including its general knowledge of the case, sworn affidavits or other testimony, itemized bills, and the like.'" Premier, 887 A.2d at 891-892.

Plaintiff seeks to recover $1,640.00 in "legal fees for services rendered" *plus* $1,092.75 "in costs[.]" (Doc. 29 at 5). In support, Plaintiff has provided the affidavit of associate attorney James Joyce with an itemized statement of "Attorneys' Fees and Costs" prepared by Dressler & Peters, LLC, showing entries from March 16, 2009 through May 15, 2009. (Doc. 29 at 1-16). There is no differentiation between attorneys and paralegals (and/or secretaries) in this statement, and there is no clear listing of what hourly rate each attorney billed per hour in this case. (Id. at 7-9). Additionally, with regard to the legal services provided by local counsel, there is no itemization of attorneys' fees whatsoever, only a "block" style billing for two dates for fees ostensibly incurred on March 31, 2009 ($717.63) and April 30, 2009 ($371.42) for "disbursements" for "Local Counsel

Legal Service." (Id. at 9).  Moreover, nowhere in the Joyce Affidavit does counsel indicate or assert that these attorneys' fees are reasonable as a whole – only that the amount of fees incurred in this case is "reasonably connected to the amount involved in this litigation and the work which needed to be performed." (Id. at 5).

Due to the deficiencies in the foregoing, the Court is only able to ascertain the hourly rate of $175/hour for attorney James Joyce. This rate is ascertained from the 1.0 hour entry on Page 8 of Doc. 29 next to the initials "JMJ" with the amount of $175/hour. The Court finds, relying on its own expertise and prior attorneys' fees determinations, that counsel's rate of $175/hour is reasonable. A review of the statement indicates that as of the date of the statement, May 18, 2009, James Joyce had billed a total of 5.5 hours at the rate of $175/hour, for a total amount of $962.50 in attorneys' fees.[2] Accordingly, the Court finds that James Joyce's attorneys' fees totaling $962.50 are reasonable and recoverable. It is **ORDERED** that Plaintiff's request for attorneys' fees in the amount of **$962.50** for James Joyce is **GRANTED** and such fees are awarded in Plaintiff's favor and against Defendant Q.E.S.T., Inc.

However, the attorneys' fees sought for "Local Counsel Legal Service" totaling $1,089.05 are due to be denied. Counsel for Plaintiff has provided no itemization of these fees incurred on March 31, 2009 and April 30, 2009, and no affidavit by local counsel attesting to (or even describing) said fees, including the hourly rate at which said fees were billed. Instead, these appear to simply be block billing for work done on those dates. This is insufficient to recover such fees. Accordingly, it is **ORDERED** that Plaintiff's request for these attorneys' fees is **DENIED.**

---

[2] James Joyce billed "no charge" for a .50 hour entry on March 18, 2009 and so that entry has not been included in this determination. (Doc. 29 at 7).

Likewise, all other fees set forth in the May 18, 2009 statement (those for "NTV," "KDP," "MXW" and "JMB") are due to be denied. Counsel for Plaintiff has failed to provide any information as to who these individuals are (paralegals, secretaries, attorneys, etc.) and/or their respective hourly billable rates. This, again, is insufficient. Accordingly, it is **ORDERED** that Plaintiff's request for these fees is **DENIED.**

Accordingly, having **RECONSIDERED** this Court's August 10, 2009 Order (Doc. 28), it is **ORDERED** that a default judgment is entered against Defendant Q.E.S.T., Inc. and in favor of Plaintiff in the amount of **$379,974.00** (consisting of the principal amount of $354,155.91, pre-judgment interest from January 15, 2009 at the *per diem* rate of $174.65 ($23,228.45) and accrued late fees ($2,409.64) **plus** attorneys' fees in the amount of **$962.50,** for Defendant Q.E.S.T., Inc.'s failure to plead or otherwise defend this action. This provides for a total award in favor of Plaintiff, and against Defendant Q.E.S.T., Inc., in the amount of **$380,936.50.**

A separate final judgment shall be entered in conjunction with this Order.

**DONE** and **ORDERED** this the **20th** day of **August 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**