**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CENTER CAPITAL CORPORATION,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 09-157-KD-M** |
| | ) | |
| **TIM PHILLIPS,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Rule 55(b) Motion for Default Judgment as to Defendant Tim Phillips ("Phillips") (Doc. 50).  Plaintiff seeks entry of a default judgment against Defendant Phillips in the amount of $164,155.91 on the grounds that said defendant has failed to answer, respond or otherwise plead.

I.    **Background**

On March 23, 2009, Plaintiff filed the instant "Complaint for Money Damages" against Defendants Q.E.S.T., Inc., Chris Collum and Tim Phillips.  (Doc. 1).  Plaintiff alleged federal diversity jurisdiction and asserted breach of contract claims against these Defendants with regard to a Master Loan and Security Agreement executed between Plaintiff and Defendant Q.E.S.T. (and a subsequently executed Amendment and Restatement of Loan/Lease Agreement) and two Continuing Guaranty contracts executed between Plaintiff and Defendants Collum and Phillips. (Doc. 1).  On March 24, 2009, a Notice of Summons was issued to Defendant Phillips (and the other defendants).[1]  (Doc. 5).  On April 20, 2009, the Summons to Defendant Phillips was returned unexecuted  (Doc. 7).  On April 21, 2009, an Alias Summons was issued to Defendant

_____

1  The other defendants Chris Collum and Q.E.S.T., Inc. are no longer in this case. (Docs.

Phillips.  (Doc. 10).  On May 18, 2009, the Summons to Defendant Phillips was returned unexecuted.  (Doc. 14).  On May 21, 2009, a second Alias Summons was issued to Defendant Phillips.  (Doc. 16).

On July 15, 2009, Plaintiff filed an application for entry of default and motion for default judgment against Defendant Phillips due to his failure to plead or otherwise defend.  (Docs. 24, 25).  On July 17, 2009 Defendant Phillips filed a Suggestion of Bankruptcy.  (Doc. 26). Accordingly, on July 23, 2009, this action was stayed as to Phillips due to the bankruptcy proceedings.  (Doc. 27).  On September 16, 2011, this Court ordered Plaintiff to file a status report regarding Defendant Phillips' bankruptcy proceedings.  (Doc. 33).  Plaintiff notified the Court that Defendant Phillips' bankruptcy proceedings had been dismissed on July 28, 2010 for failure to make payments.  (Doc. 35).  The Court thus ordered Defendant Phillips to show cause as to why the case should not be reinstated against him.  (Docs. 37, 39, 40).  Defendant Phillips failed to file any response and the case was reinstated against him on December 13, 2011. (Docs. 41, 42).  On December 22, 2011, Defendant Phillips was ordered by Magistrate Judge Milling to file a response to Plaintiff's Complaint (answer or move to dismiss) by January 12, 2012, and cautioned that his failure to do so may result in a renewed motion for default against him.  (Doc. 43).  On January 19, 2012, Magistrate Judge Milling ordered Plaintiff to show cause as to why it had not submitted an application for entry of default against Phillips due to his failure to respond to the complaint.  (Doc. 44).  On January 20, 2012, Plaintiff filed an application for entry of default against Defendant Phillips, due to his failure to plead or otherwise defend against the Complaint.  (Doc. 45).  On January 24, 2012, the Clerk entered a

---

28, 30, 31, 49). Phillips is the only remaining defendant.

default against Philips.   (Doc. 47).   Presently before the Court is Plaintiff's motion for default

judgment as to Phillips, due to his failure to respond or otherwise defend in this action.   (Doc.

50).

## II.   <u>Discussion</u>

Rule 55 of the <u>Federal Rules of Civil Procedure</u> provides, in relevant part, as follows:

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55.

A  review  of  the  record  reveals  that  Defendant  Phillips  has  notice  of  the  default

proceedings against him.   Defendant Phillips has been provided with copies of the relevant court

orders as well as Plaintiff's application for entry of default, the Clerk's the entry of default and

Plaintiff's motion for default judgment. <u>See</u> *supra*.   As of the date of this Order, Defendant

Phillips has wholly failed to appear or otherwise defend this action (apart from a limited filing

notifying the Court of his now defunct bankruptcy status).

In the Complaint, Plaintiff asserted one (1) count of breach of contract/guaranty against Defendant Phillips, alleging that he executed a Continuing Guaranty with the Master Loan and Security Agreement (as amended) between Plaintiff and Defendant Q.E.S.T., but defaulted under same by failing to make the requisite payments. (Doc. 1 at 7-8, 9-22). Plaintiff asserted also, that it has fully performed under the Master Loan Agreement (as amended) and thus has fully performed under the Continuing Guaranty. (Id. at 8). Additionally, according to a Vice-President at Plaintiff Center Capital Corporation, "Phillips is responsible to [Plaintiff]...for the $164,155.91 in damages, plus cost, under the terms of the Continuing Guaranty." (Doc. 50 at 5 (Aff. of J.Napierkowski)). See also Doc. 29 at 10-16 (Aff. of J.Napierkowski)). Accordingly, based on the Court's review of the record, it is hereby **ORDERED** that Plaintiff's motion (Doc. 50) is **GRANTED** such that a **DEFAULT JUDGMENT** is entered against Defendant Tim Phillips and in favor of Plaintiff, in the amount of **$164,155.91** for Defendant Phillips' failure to plead or otherwise defend this action.[2]

A separate Final Judgment shall issue in conjunction with this Order.

**DONE** and **ORDERED** this the **15th** day of **February 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

2 While the Napierkowski Affidavit states "plus cost," Plaintiff has neither moved for costs nor attorneys' fees in the motion for default judgment and thus, they are not at issue here.

4